Curia, per Johnson, Ch.
Amongst the leading duties of a guardian to his ward, are those of providing for his maintenance and education, in a manner suited to his circumstances and rank in society, and to make his estate as productive as may be practicable. Has the respondent failed in *311 the performance of these duties'? One of the charges against him is, that he retained the funds of his ward in his own hands, and applied them to his own use, but it does not follow that this was not the very best use of them. He is bound to account for the interest upon them (the funds, consisting, as I understand, entirely of money,) by precisely the same rule that a borrower would be, with the advantage that the interest would be constantly accumulating, whereas time would generally be lost in reinvesting funds that were paid in by the borrower. Nor does it follow that the fund would be less secure in his hands; on the contrary, the security which he gives as the condition of obtaining the guardianship, is given under the supervision of the court, and is always under its control, and additional security will be required, where there is even a suspicion that that already given is insufficient; and I cannot perceive how the security he might require on the-loan of money would make it more secure. I do not know, indeed, how the court can control a guardian in the use he makes of a money fund. It is not usual, particularly in the country, to require a guardian to invest funds of inconsiderable amount in government or. other public securities, nor is it always practicable to do it to advantage, and there is no alternative but to lend it on bond. In this form, it is alivays under the control of the guardian, and in the end, the whole responsibility devolves on him.
The other charges against the respondent are, that he neglected to pay for the board and tuition of his ward.
These charges are, I think, well answered by the'respondent. The obligation of the guardian is to his ward, and not to strangers; and if, as I infer from the charges, the respondent’s ward has been maintained and educated by him, I do not know that the ward is concerned as to the source from whence the means were derived. I am not, however, to be understood as laying down the rule that the neglect of the guardian to pay for the maintenance and education of his ward, would, under all the circumstances, be excusable. The want of punctuality might render him a less acceptable boarder or scholar, and subject him to mortification. It might also have the effect of encreasing the expense, as men notoriously punctual, deal on better terms than those who are not.
*312 A creditor might, perhaps, justly complain of the want of punctuality; but from the facts stated in the answer, which are not controverted, the petitioner has now no interest in the matter, and for any thing we know, the actual creditor is perfectly satisfied.
It is ordered and decreed, that the decree of the Circuit Court be reversed.
Hraper and Dunkin, Chancellors, concurred, Johnston, Chancellor, absent from indisposition.